UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANDON HILL-BEY,

    Plaintiff,

    v.                                 CAUSE NO. 3:22-CV-379-JD-MGG

JOHN GALIPEAU and LIVERS,

    Defendants.

## OPINION AND ORDER

Landon Hill-Bey, a prisoner without a lawyer, filed an amended complaint alleging he was denied constitutionally adequate medical treatment when he was coughing and spitting up blood caused by the environmental conditions at the Westville Correctional Facility. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hill-Bey alleges Warden John Galipeau knowingly houses him where he was exposed to mold, asbestos, lead paint, and contaminated water. Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837

(1994). Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). As the Seventh Circuit has explained, "the mere presence of asbestos in a prison does not violate the Eighth Amendment; exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary circumstances, be considered cruel and unusual." *Contreras v. Hawk*, 77 F.3d 484 (7th Cir. 1996) (quotation marks and brackets omitted). However, Hill-Bey alleges more than moderate exposure to these substances. He alleges exposure severe enough to cause him to cough and spit up blood. This states a claim.

Hill-Bey alleges Medical Director Dorthy Livers denied him constitutionally adequate medical treatment when he was coughing and spitting up blood in 2021. This allegation also states a claim. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Refusal to treat an inmate who is coughing and spitting up blood plausibly alleges a substantial departure from accepted professional standards.

Hill-Bey alleges Grievance Specialist John R. Harvil denied and/or mishandled his grievances. As explained in the prior screening order, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See* ECF 9 at 1-2.

Hill-Bey alleges Wexford Health Services or Sources, Inc., has a policy or custom of denying constitutionally adequate medical treatment to save money. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Companies (and people) generally want to save money when possible. Policies and customs which encourage saving money do not inherently violate the constitution. "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Here, Hill-Bey has not alleged facts from which it can be plausibly inferred that he was denied medical treatment for any reason other than the decisions of Medical Director Livers.

Hill-Bey alleges Indiana Department of Correction Commissioner Robert Carter, Jr., is liable for his failure to correct the environmental conditions at the Westville Correctional Facility for the same reason a landlord is liable for the condition of his rental properties. "Jailers may owe a special duty of care to those in their custody under

3

state tort law, but . . . we reject the contention that the [constitution] embraces such a tort law concept." *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). "[W]e have previously rejected claims that the [constitution] should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law." *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992). There is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Landon Hill-Bey leave to proceed against Warden John Galipeau in his individual capacity for compensatory and punitive damages for exposing him to mold, asbestos, lead paint, and contaminated water which cause him to cough and spit up blood in violation of the Eighth Amendment;

(2) GRANTS Landon Hill-Bey leave to proceed against Medical Director Dorthy Livers in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment when he was coughing and spitting up blood in 2021;

(3) DISMISSES all other claims;

(4) DISMISSES John R. Harvil, Robert E. Carter, Jr., and Wexford Health Services or Sources Inc.;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 10);

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Medical Director Dorthy Livers at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 10);

(7) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden John Galipeau and Medical Director Dorthy Livers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 9, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT