UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANDON HILL-BEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-379-JD-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Landon Hill-Bey, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Warden John Galipeau in his individual capacity for compensatory and punitive damages for exposing him to mold, asbestos, lead paint, and contaminated water which cause him to cough and spit up blood in violation of the Eighth Amendment[.]" ECF 18 at 4. Second, he is proceeding "against Medical Director Dorthy Livers in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment when he was coughing and spitting up blood in 2021[.]" *Id.* On March 28, 2023, Warden Galipeau filed a motion for summary judgment, arguing Hill-Bey did not exhaust his administrative remedies before filing this lawsuit. ECF 35.[1] With the motion, Warden Galipeau provided Hill-Bey the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 38. Attached to the notice was

---

[1] Medical Director Livers has not moved for summary judgment.

a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed almost six months ago, but Hill-Bey has not responded. Therefore the court will now rule on Warden Galipeau's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Warden Galipeau provides an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Hill-Bey's grievance records, which show the following facts:[2] On July 27, 2021, Hill-Bey submitted informal grievances to Warden Galipeau and medical staff asserting he was experiencing breathing issues due

---

[2] Because Hill-Bey has not responded to Warden Galipeau's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Hill-Bey's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

to harsh living conditions at his cell house including mold, mildew, asbestos, and chipped paint. ECF 35-3 at 4-6. Medical staff responded to all three informal grievances by noting Hill-Bey was "seen" on August 1, 2021. *Id.* On August 25, 2021, Hill-Bey submitted a grievance complaining he was receiving inadequate medical treatment from medical staff for ongoing breathing issues and his requests to be "moved" had been denied ("August 25 grievance"). *Id.* at 3. In the grievance, Hill-Bey asserted he had submitted an informal grievance to Warden Galipeau but had not received any relief. *Id.* Hill-Bey listed an incident date of August 9, 2021. *Id.* On September 9, 2021, the Grievance Specialist rejected Hill-Bey's August 25 grievance for raising "frivolous, unfounded claims." *Id.* at 1. Specifically, the Grievance Specialist concluded (1) nothing in the August 25 grievance substantiated the listed incident date of August 9; (2) Hill-Bey's medical records indicated he had been seen for his lungs and allergies; (3) Hill-Bey's commissary orders indicated he had never ordered allergy medication; and (4) Hill-Bey had provided "no evidence" to support his claims he was not receiving adequate medical treatment. *Id.*

Here, the undisputed facts show the grievance office improperly rejected Hill-Bey's August 25 grievance as raising "frivolous, unfounded claims." Specifically, while raising "frivolous, unfounded claims" may be a reason for denying a grievance, it is not a reason for rejecting it. The Indiana Department of Correction Grievance Policy does not require that a grievance be nonfrivolous to be properly submitted. Instead, it provides that a grievance is properly submitted if it meets the following requirements:

4

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall relate to only one event or issue;
> 5. It shall be signed, dated, and submitted by an offender on their own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical impairment, language impairment, or other obstacle;
> 6. It shall explain how the situation or incident affects the offender; and,
> 7. The offender shall suggest appropriate relief or remedy.

ECF 35-2 at 9-10. Because Hill-Bey's August 25 grievance appears to comply with each of these requirements, the Grievance Specialist did not identify any valid basis for rejecting the grievance. Thus, the undisputed facts show the grievance office made Hill-Bey's administrative remedies unavailable by improperly rejecting his August 25 grievance.

In his summary judgment motion, Warden Galipeau raises several arguments that must be addressed. First, he argues Hill-Bey should have corrected and resubmitted his August 25 grievance within five business days of its rejection. ECF 36 at 6-8. But it is unclear what corrections Hill-Bey was expected to make to his August 25 grievance where it was improperly rejected by the grievance office. Next, Warden Galipeau argues the August 25 grievance should have been rejected as untimely, as Hill-Bey filed it more than ten business days after the listed August 9 incident date. ECF 36 at 5. However, the Grievance Specialist did not reject Hill-Bey's August 25 grievance as untimely, but because it raised "frivolous, unfounded claims." ECF 35-3 at 1.

Regardless, the grievance appears to have been timely filed because it complained of ongoing medical issues. *See Weiss v. Bar Ribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner failed to explain why a grievance was untimely where it complained of ongoing pain). Lastly, Warden Galipeau argues Hill-Bey's August 25 grievance did not exhaust his conditions-of-confinement claim against him because it did not mention his alleged housing conditions and instead focused solely on the denial of medical care. ECF 36 at 5-6. But Hill-Bey alleged in the August 25 grievance that he was experiencing ongoing breathing issues because he was living in a "harsh environment" and his requests to be moved had been denied. ECF 35-3 at 3. Additionally, Hill-Bey's August 25 grievance referenced the informal grievance he submitted to Warden Galipeau, in which he explicitly stated he was experiencing medical issues due to ongoing exposure to mold, mildew, asbestos, and chipped paint in his cell house. ECF 35-3 at 3, 6. These allegations were sufficient to put the prison on notice of Hill-Bey's problem with his housing conditions. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it); *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (an inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate the defendant is the target).

      Accordingly, because the undisputed facts show the grievance office made Hill-Bey's administrative remedies unavailable by improperly rejecting his August 25 grievance, Warden Galipeau has not met his burden to show Hill-Bey had available

6

administrative remedies he did not exhaust before filing this lawsuit. Therefore, Warden Galipeau's motion for summary judgment (ECF 35) is DENIED.

SO ORDERED on October 12, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT